HUSBAND AND WIFE—*Injuries to the Wife*—Both the husband and wife may have an action for personal injuries to the wife.

COLORADO MORTGAGE & INVESTMENT COMPANY, LTD. v. GIACOMINI.

*Appeal from the Denver District Court.*—Hon. HARRY C. RIDDLE, Judge.

Mr. WILLIAM J. MILES, for appellant.

Messrs. ALLEN & WEBSTER, for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was instituted by the appellee against the appellant and P. W. Copeland to recover damages for expenses incurred by him for medical treatment, nursing and other assistance furnished to his wife, Margaret Giacomini and for the loss of her services as a housewife and for the loss of her society, care and comfort as a wife occasioned by her falling down the elevator shaft in the Columbia Hotel situate in the city of Denver. It is alleged that the accident was caused by the negligence of the defendants in permitting the elevator and appurtenances thereto to be and remain out of repair. Judgment was in his favor against this appellant in the sum of $6,000; it brings the case here on appeal.

The questions of law presented are identical with those in case No. 7126 which was an action by the wife against these same parties. The injuries were very serious and permanent. The expenses to this appellee were shown to have been quite heavy. It is unnecessary to state in detail the extent of these injuries; it is sufficient to say that no complaint is made concerning the amount of the verdict.

For the reasons stated in the other opinion the judgment is affirmed.                          *Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.


*On Petition for Rehearing.*


Counsel earnestly contend that there is no evidence to sustain the allegation that the elevator was out of repair and in an unsafe condition at the time of the execution of the lease. The testimony upon this question is the same as that in No. 7126. In addition there was

other testimony in this case which covered the matter more fully in detail. The evidence discloses, if the witnesses are to be believed, that the elevator was out of repair and unsafe for use for the purposes intended at the time of the execution of the lease upon November the 1st, 1907.

The petition for rehearing is denied.

Decided June 2, A. D. 1913. Rehearing denied December 1, A. D. 1913.